**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case No. 18-20665

ALI YOUSSEF AOUN,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR EARLY RELEASE**

Defendant Ali Youssef Aoun pleaded guilty to Supplemental Nutrition Assistance Program ("SNAP") fraud, 7 U.S.C. § 2024, on June 25, 2019. (ECF No. 38, PageID.285.) On February 7, 2020, the court sentenced him to 24 months imprisonment. (*Id.*, PageID.286.) His expected date of release is in May 2022. *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/mobile/find_inmate/ (last visited April 22, 2021).

Defendant moves for early release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 41.) The government does not contest the motion and has stipulated to Defendant's release with conditions. The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, Defendant's motion will be granted.

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons

warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C. § 3553(a) must weigh in favor of a sentence reduction. Third, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

A motion requesting a prisoner's compassionate release may be filed either by the Bureau of Prisons ("BOP") or by the prisoner himself. 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit held in *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020), that when a prisoner moves for compassionate release himself there is no "applicable policy statement[] issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, when a prisoner moves for compassionate release, the requirement in § 3582(c)(1)(A) that a sentence reduction be "consistent with [a] policy statement[]" does not apply, and courts are to ignore it. *Jones*, 980 F.3d at 1111; *accord United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). To obtain compassionate release, a prisoner must nevertheless present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors that weigh in his favor. 18 U.S.C. § 3582(c)(1)(A); *see Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction . . . is warranted" under § 3553(a)). Defendant satisfies both requirements.

Defendant's circumstances are extraordinary and compelling. 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of

evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). Courts have interpreted "extraordinary" in the context of compassionate release as "beyond what is usual, customary, regular, or common," and a "'compelling reason" as "one so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.); *United States v. Murphy*, Case No. 15-20411, 2020 WL 2507619, at *5 (E.D. Mich. May 15, 2020) (Cox, J.). A district court's findings as to extraordinary and compelling circumstances are reviewed for abuse of discretion. *See Elias*, 984 F.3d at 520-21.

Defendant is currently suffering from terminal illness. According to BOP medical professionals, Defendant has end-stage kidney failure, severe aplastic anemia, and pure red blood cell aplasia. The BOP projects that Defendant has a life expectancy of eighteen months. The court finds that Defendant's medical condition is extreme and unusual and will likely result in his death in the near future. 18 U.S.C. § 3582(c)(1)(A). Defendant's health will continue to deteriorate despite the BOP's provision of medical care and monitoring. The first element of the court's compassionate release analysis has been satisfied. *See Hampton*, 985 F.3d at 532.

Several § 3553(a) sentencing factors weigh against release, but the state of Defendant's health convinces the court that early release is warranted. Defendant illegally obtained hundreds of thousands of dollars from the federal government, defrauding a benefits program designed primarily to alleviate poverty and assist the needy. (ECF No. 48, PageID.319.) His conduct was serious and inexcusable. Since his sentencing, Defendant has served at least 8 months in prison. (*See* ECF No. 40

3

(stipulation to delay Defendant's date of voluntary surrender).) The advisory guideline range for Defendant's offense was 24 to 30 months imprisonment. (ECF No. 48, PageID.312.) Section 3553(a) factors such as "the nature and circumstances of the offense," the need "to reflect the seriousness of the offense," the need "to promote respect for the law," and "the sentencing range established" counsel against early release. 18 U.S.C. § 3553(a)(1), (2)(A), (4).

However, Defendant has a relatively light criminal history. The court is unaware of any violation by Defendant of court-ordered supervision, nor does the court know of any failure on the part of Defendant to appear for a court hearing. When Defendant was sentenced, he was placed in criminal history category I, the lowest possible category. The court finds that, if released, Defendant is not at high risk of committing additional offenses or violating conditions of court-ordered supervision.

Most significantly, Defendant's medical condition is declining. Although the BOP can provide Defendant quality end-of-life care, the court finds that his treatment would be "most effective" outside of the prison environment. 18 U.S.C. § 3553(a)(2)(D). Defendant's health status is "extraordinary and compelling," and the court will grant his motion for compassionate release. Accordingly,

IT IS ORDERED that Defendant's "Motion for Early Release" (ECF No. 41) is GRANTED. The court will also enter the parties' stipulation and proposed order which states the agreed upon terms of Defendant's release.

        s/Robert H. Cleland              /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  April 27, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 27, 2021, by electronic and/or ordinary mail.

                                                                                                        s/Lisa Wagner                       /
                                                                                                        Case Manager and Deputy Clerk
                                                                                                         (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-20665.AOUN.MotionforEarlyRelease.RMK.docx